**Electronically Filed**
**Intermediate Court of Appeals**
**30656**
**21-JUN-2011**
**08:26 AM**

NO. 30656

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee,
v.
CHRISTOPHER J. KANG, Defendant-Appellant.


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CRIMINAL CASE NO. 1P109-7960)


SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Fujise and Ginoza, JJ.)

Defendant-Appellant Christopher J. Kang (Kang) appeals from the Notice of Entry of Judgment and/or Order (judgment) in the District Court of the First Circuit, Honolulu Division (District Court) dated April 27, 2010.[1]

Kang was found guilty of Assault in the Third Degree, as a petty misdemeanor, in violation of Hawaii Revised Statutes (HRS) § 707-712(1)(a) and (2)(1993). This case arises out of physical altercations on August 1, 2009, between Kang and complaining witness Alan Imada (Imada).

On appeal, Kang contends that the District Court erred (1) in convicting him because there was insufficient evidence to

---

[1] The Honorable Faye M. Koyanagi presided.

negate his claim of self-defense, (2) in admitting evidence of Kang's prior arrest, and (3) in failing to obtain a proper waiver from Kang of his right to pre-sentence allocution.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Kang's points of error as follows:

(1)  There was substantial evidence to negate Kang's claim of self-defense and to support his conviction for Assault in the Third Degree as a petty misdemeanor.

> In reviewing the legal sufficiency of the evidence on appeal
> . . . the test is whether, viewing the evidence in the light
> most favorable to the State, substantial evidence exists to
> support the conclusion of the trier of fact.  "Substantial
> evidence" is credible evidence which is of sufficient
> quality and probative value to enable a person of reasonable
> caution to reach a conclusion.  In reviewing whether
> substantial evidence exists to support a conviction,
> moreover, due deference must be given to the right of the
> trier of fact to determine credibility, weigh the evidence,
> and draw reasonable inferences from the evidence adduced.

State v. Lubong, 77 Hawai'i 429, 432, 886 P.2d 766, 769 (App. 1994) (citations omitted); see also State v. Agard, 113 Hawai'i 321, 324, 151 P.3d 802, 805 (2007).

Kang argues that, applying the two-part analysis articulated in Lubong: (a) he had a subjective belief that use of force for self-protection was necessary; and (b) it was objectively reasonable that use of force was necessary for self-protection.  In this case, there was conflicting testimony as to the altercations that occurred between Kang and Imada.  However, even assuming Kang had a subjective belief that use of force was necessary for his self-protection, there was substantial evidence to support a conclusion that a reasonable person in the same situation would not have believed such force was necessary.  For example, outside of Exotic Nights, Kang testified he had jumped on Imada's back and they were just goofing around, when they got

2

into a confrontation "about just random nonsense." According to Kang, Imada pushed him and Kang admitted he "got in [Imada's] face a little." According to Kang, Imada headlocked Kang and they tripped or somehow ended up on the ground where they wrestled for a few minutes. To the contrary, Imada testified that Kang headbutted him in the face, causing Imada to fall backwards, Imada grabbed hold of Kang, and they both fell to the ground. Imada also testified that while they were on the ground, Kang punched Imada in the stomach or grabbed "real hard" causing pain, and Kang then flipped Imada over causing Imada to hit his head on the gravel. Even under the circumstances Kang believed them to be, there was no reasonable basis to believe that a headbutt to Imada's face, a punch or hard grab to Imada's stomach, or flipping Imada over were necessary for self-protection. Although Kang testified he did not headbutt Imada, and there was varying testimony regarding the altercations in the early morning hours of August 1, 2009, we give due deference to the District Court in assessing credibility, weighing the evidence and drawing reasonable inferences from the evidence. Lubong, 77 Hawai'i at 432, 886 P.2d at 769; see also In re Doe, 107 Hawai'i 12, 19, 108 P.3d 966, 973 (2005).

"As to whether the prosecution disproved [defendant's] claim of self defense beyond a reasonable doubt, '[e]ssentially, the prosecution does this when the trier of fact believes its case and disbelieves the defense.'" In re Doe, 107 Hawai'i at 19, 108 P.3d at 973 (quoting State v. Pavao, 81 Hawai'i 142, 146, 913 P.2d 553, 557 (App. 1996)); State v. Jhun, 83 Hawai'i 472, 483, 927 P.2d 1355, 1366 (1996). Here, the District Court believed the State's case and disbelieved Kang's assertion of self-defense.

(2) In this bench trial, the District Court did not err by admitting evidence of Kang's prior arrest for Harassment in

3

July of 2009, the month prior to the incidents in this case, for the limited purpose of rebutting Kang's claim that Imada caused Kang's injuries and that Kang's injuries were not from another source.  In a bench trial, "the normal rule is that if there is sufficient competent evidence to support the judgment or finding below, there is a presumption that any incompetent evidence was disregarded and the issue determined from a consideration of competent evidence only." State v. Montgomery, 103 Hawai'i 373, 383, 82 P.3d 818, 828 (2003) (quoting State v. Gutierrez, 1 Haw. App. 268, 270, 618 P.2d 315, 317 (1980)).  "When other-crimes evidence is introduced for a limited purpose, it is presumed that the trial judge considered it only for that purpose[.]" Id. (quoting People v. Deenadayalu, 331 Ill. App.3d 442, 265, Ill. Dec. 285, 772 N.E.2d 323, 329 (2002)).

(3)  Kang contends that the District Court violated Rule 32 of the Hawai'i Rules of Penal Procedure (HRPP) by not addressing Kang prior to sentencing and providing him with an opportunity to make a statement or present information in mitigation of punishment.  The State agrees that this was a reversible error.  Our review of the record confirms that Kang was not provided an opportunity to make a statement or present information in mitigation of punishment as required by HRPP Rule 32 and State v. Schaefer, 117 Hawai'i 490, 498, 184 P.3d 805, 813 (App. 2008).  The required remedy is remand of the case for resentencing before a different judge. Id.; Schutter v. Soong, 76 Hawai'i 187, 208, 873 P.2d 66, 87 (1994).

Therefore,

IT IS HEREBY ORDERED that the judgment by the District Court of the First Circuit, Honolulu Division dated April 27, 2010 is affirmed in part and vacated in part.  Kang's conviction for Assault in the Third Degree as a petty misdemeanor is

4

affirmed. However, Kang's sentence is vacated, and the case is remanded for resentencing before a different judge.

DATED: Honolulu, Hawai'i, June 21, 2011.

On the briefs:

Chad N. Enoki
Deputy Public Defender
for Defendant-Appellant

Stephen K. Tsushima
Deputy Prosecuting Attorney
City and County of Honolulu

Chief Judge

Associate Judge

Associate Judge

5